UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWESI O. KERR,

       Petitioner,

  -against-

WILLIAM BARR,

       Respondent.

20-CV-06037 (LLS)

TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

  Petitioner, currently incarcerated at LaSalle Correctional Center in Olla, Louisiana, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, challenging his immigration detention and seeking an emergency stay of deportation. (ECF 2, 3.) Petitioner suggests that venue is proper here because in 2001, he entered the United States at John F. Kennedy Airport, and because he previously resided in Hempstead, New York. For the following reasons, this petition is transferred to the United States District Court for the Western District of Louisiana.

  In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner's removal proceedings took place in Miami, Florida, and he is currently detained at LaSalle Correctional Facility, located in LaSalle Parish, in the judicial

district of the United States District Court for the Western District of Louisiana.[1] 28 U.S.C. § 98(c).

Petitioner's allegations demonstrate that this Court does not have jurisdiction over his custodian. Therefore, in the interest of justice, this Court transfers this petition to the United States District Court for the Western District of Louisiana. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Western District of Louisiana. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case. Because Plaintiff makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   August 4, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[1] *See Kerr v. U.S. Attorney General*, 20-CV-954 (W.D. La. July 28, 2020) (denying motions to stay deposition and to reopen removal proceedings and dismissing § 2241 petition on the merits).